UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2012 JAN 17 P 1: 37
U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES OF AMERICA, )
)
v. ) Criminal No. 08-10223-PBS
) 09-10292-PBS
) 09-10382-DPW
)
ALBERT GONZALEZ, )
Defendant. )

### DEFENDANT'S REPLY TO GOVERNMENT'S CONSOLIDATED RESPONSE TO DEFENDANT'S MOTIONS TO VACATE OR SET ASIDE SENTENCE

The Defendant Albert Gonzalez ("Gonzalez"), acting pro se submits defendant's reply to the government's consolidated response to defendant's motion under 28 u.s.c. §2255. For the reasons set forth herein the Court should conduct an evidentiary hearing in this matter.

### STATEMENT OF FACTS

Gonzalez filed a motion under §2255 raising various claims all based on ineffective assistance of counsel. After conducting a Preliminary Review pursuant to Rule 4, Governing 2255 Proceedings the Court determined that the "motions, records and files of the case does not conclusively show that Gonzalez is entitled to no relief" [§2255(b)]. Based on it's preliminary review findings the Court decided not to dismiss Gonzalez's 2255 motion and pursuant to Rule 4(b) ordered the United States Attorney (Government) to file an answer to Gonzalez's 2255 motion. In compliance with the Court orders the Government has filed its Response. The

1.

Government has expanded the records of the case through it's submission of an signed, sworn Affidavit obtained from Gonzalez's attorney Mr. Rene Palomino Jr. ["Mr. Palomino"] and the Government's arguments. When the Court ordered the Government to file an Answer to Gonzalez's 2255 motion it did not have-as part of the records the Affidavit of Mr. Palomino and the Government's agruments. The focus now is on Mr. Palomino's Affidavit and the Government's arguments.

## REQUIREMENTS FOR AN EVIDENTIARY HEARING

An evidentiary hearing may be available in connection with a 28 U.S.C. §2255 petition. R. Governing §2255 Proc. Ramos-Martinez v. United States, 638 F.3d 315 (1st Cir. 2011). A prisoner who invokes section 2255 is not entitled to an evidentiary hearing as a matter of right. David v. United States, 134 F.3d 420 (1st Cir. 1998). Once a prisoner requests relief under 28 U.S.C. §2255 a federal district court must grant an evidentiary hearing on the prisoner's claims unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. Owens v. United States, 483 F.3d 48 (1st Cir. 2007). When a petition is brought under 28 U.S.C. §2255, the petitioner bears the burden of establishing the need for an evidentiary hearing. Cody v. United States, 249 F. 3d 47 (1st Cir. 2007). If a district court dismisses a §2255 claim without holding an evidentiary hearing, the First Circuit takes as true the sworn allegations of facts set forth in the petition

unless those allegations are merely conclusory, contradicted by the record, or inherently incerdable. **Owens**, supra. In reviewing a §2255 motion in which factual disputes arises, the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims. See <u>Williams v. Bagley</u>, 380 F.3d 932, 977 (6th Cir. 2004). The burden on the petitioner in a habeas case for establishment to an evidentiary hearing is relatively light. <u>Valentine v. United States</u>, 488 F.3d 325, 333 (6th Cir. 2007)."A subsequent affidavit from counsel will not suffice to establish trial strategy, nor absolve the district court from the requirement of holding an evidentiary hearing". <u>United States v. Giardino</u>, 797 F.2d 30, 32 (1st Cir. 1986); Smith v. McCormick, 914 F.2d 1153 (9th Cir. 1990) and <u>Lindhorst, v. United States</u>, 585 F.2d 361, 365 (8th Cir. 1978).

The motions, records and files in the instant case do not conclusively show that Gonzalez is entitled to no relief. All the claims raised by Gonzalez are based in part on facts that exist outside the records and are beyond the knowledge of the Court. Gonzalez will show there are facts in dispute that require an evidentiary hearing to determine the truth of his claims. All the claims raised in Gonzalez's §2255 motion if proven would entitle him to relief. Gonzalez has made specific, sworn allegations which this Court should accept as true for the purpose of considering whether to hold an evidentiary hearing, because they are not conclusively disproved by the motions, files and records of this case. [Gonzalez Affidavit, Exhibit C,

2255 Motion].

## PUBLIC AUTHORITY CLAIM

Gonzalez's "public authority" claim is the linch pin on which this post-conviction action and this whole case turns. As the Government admits. [Response, page 4, note 10]. If Gonzalez prevails on his public authority claim he shows "actual innocence" and the Government's case goes out the window. If Gonzalaz show his actual innocence then "waivers", "bars", and "cause and prejudice" are of no affect. The Government has Responded with 21 pages of authorities and arguments and 400 pages of records designed to persuade the Court to deny Gonzalez's §2255 motion without an evidentiary hearing. The Government knows that once Gonzalez is granted an evidentiary hearing on his public authority defense, the game is over due to the fact the Government knows Gonzalez can prove his claim the he was authorized, directed, controlled, and paid by the United States Secret Service to engage in the criminal conduct that brought about his prosecution in this case. The Government has not produced one shred of evidence to show that Gonzalez's claim of public authority is without merit. The Government is trying to sangbag Gonzalez on procedural errors and has failed to address the merits of Gonzalez's public authority claim. The Court should conduct an evidentiary hearing in this case.

Gonzalez disagrees with the facts presented in Mr. Palomino's Affidavit. There are factual disputes that require an evidentiary hearing to resolve before the Court can make a reliable decision.

## GOVERNMENT'S ARGUMENTS

Gonzalez will address each of the Government's arguments respectively. First the Government argues that:

<u>Gonzalez Knew the Terms of His Plea Agreement and Voluntarily Entered Into Them</u> (Govt. Resp., page 7).

Gonzalez's guilty plea was not voluntarily entered due to the fact that his trial attorney Mr. Palomino did not investigate an available "public authority" defense on behalf of Gonzalez. Mr. Palomino never advised Gonzalez that there was such a defense as a public authority defense. By his own admission Mr. Palomino admits that he never discussed the public authority defense with Gonzalez during the course of his representations.[See Affidavit of Rene Palomino, Govt.Exhibit 6, at ¶5]. Mr. Palomino states in his Affidavit:

> 5. Albert Gonzalez never stated to me that the Secret Service authorized or approved of his breaking into or stealing credit and debit card information from any of the companies identified as victims in the three criminal cases brought against him. I did not discuss the public authority defense with him during the course of my representation because I believe, based on all of the facts known to me after speaking with Albert Gonzalez and others and examining discovery materials, that the defense is inapplicable. " [Palomino Affidavit, ¶5].

Mr. Palomino's affidavit shows he did consider a public authority defense but never discussed such a defense with Gonzalez. Mr. Palomino did not have all the facts necessary to make a fully informed decision as to whether or not a public authority defense was applicable to Gonzalez's case. After learning the facts that

Gonzalez had been "employed" as a Confidential Source by the Secret Service for **almost five (5) years** in the capacity of helping the Secret Service fight cyber crime by seeking out and gathering intelligence on cyber criminals, a reasonable attorney would have questioned and discussed with Gonzalez whether or not Secret Service Agents had authorized him to commit any of the criminal acts he was be charged with.

Mr. Palomino's failure to discuss a public authority defense deprived Gonzalez of a "viable defense". "A defendant who alledges failure to investigate ... must alledge with specificity what the investigation would have revealed and how it would have altered the outcome of the case". See United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989). also See United States v. Oliveras, 717 F.2d 1, 4 (1st Cir. 1983)(appellant must show that counsel overlooked some "viable defense"). If Mr. Palomino would have advised Gonzalez that he was investigating whether or not there existed evidence of a public authority defense and explained to Gonzalez that a public authority defense consisted of a defense based on a "defendant seeking exoneration based on the fact that he reasonable relied on the authority of a government official to engage him in illegal covert activity". [United States v. Holmquest, 36 F.3d 154, 161 n.7 (1st Cir. 1994)(definition of public authority defense.]. Then Gonzalez would have understood that he had a viable defense and would never have entered a guilty plea to the charges and would have proceeded to a jury trial.

Under Strickland v. Washington, 466 U.S. 668 (1984), Mr. Palomino's failure to advise and interview Gonzalez about a public authority defense constitutes "cause". The "prejudice" standard of Strickland, is satisfied because Gonzalez has established a reasonable probability that but for Mr. Palomino's failure to advise him of a public authority defense, he would have insisted on going to trial. Gonzalez's guilty plea was not knowingly and voluntarily entered. Gonzales did not know - due to counsel error - that he had a "viable public authority defense". and if he had of known of a public authority defense he would never have plead guilty and would have proceeded to trial. The Court should allow Gonzalez to withdraw his guilty pleas in all three cases.

The Government argues that:

Gonzalez Could Not Have "Public Authority" to Commit His Massive Identity Thefts (Govt. Resp., page 10).

The Government argues that Gonzalez is "fabricating" his claim that "he was authorized by his Secret Service handlers to commit the crimes to which he plead guity to". The Government then states Gonzalez's claim **"is refuted by the record."** [Govt. Resp., page 10 ]. After argueing that Gonzalez claim is refuted by the record, the Government points or provides no part of the record to support that position. **What part of the record is the Government refering to**. There is nothing in the record that refutes Gonzalez's claim that his Secret Service handlers (Agents) authorized Gonzalez to commit the criminal acts that he

7.

admittedly committed. Most importantly the Government has not submitted one iota of evidence that refutes Gonzalez's claim that he was authorized by Secret Service Agents to commit the criminal acts he committed. The Government has submitted no signed sworn Affidavits from Secrte Service Agents David Esposito, or Steve Ward or other Agents that refute Gonzalez's claim that they controlled him, directed him, and authorized him to commit the criminal acts he committed and paid him for committing those acts. The Government has not even submitted any records maintained by the Secret Service to refute Gonzalez's claims. Gonzalez has provided names of agents, detailed information concerning his activities as a Secret Service Operative, the Government has provided nothing to refute Gonzalez's claim but "unsupported" allegations. The facts of Gonzalez's Public Authority claims are beyond the motions, files and records of this case and only a full blown evidentiary hearing will develope a record from which the Court can make a fully informed and reliable decision concerning the merits of Gonzalez claim based on public authority.

A defendant who fails on his Fed. R. Crim. P. 11(b)(1)(N) challenge to his appellate waiver must nevertheless be afforded the opportunity to demonstrate that enforcement of the waiver would work a miscarriage of justice. Sotirion v. United States, 617 F.3d 27, 36-39 (1st Cir. 2010). A claim that the plea proceedings were infected by constitutionally deficient assistance of counsel could fall within miscarriage of justice exception. See Teetes v. United States, 257 F.3d at 25 n.9 (noting that a

claim that the plea proceedings were infected by constitutionally deficient assistance of counsel could fall within miscarriage of justice exception). Here the Court should order that an evidentiary hearing be held to resolve the factual disputes that exist and to determine the truth of Gónzalez's claims.

### FURTHER ALLEGATIONS THAT MR. PALOMINO FAILED TO INVESTIGATE

Due to the large volume of discovery materials provided to the defense Judge Saris recommended that the defense obtain the services of an Officer of the Court to assist in the investigation of the discovery materials. Defense attorney Martin G. Weinberg hired the services of attorney Paul Trusiani to assist in the investigation of discovery materials provided by the Government. The Government created a digital file containing all discoverable materials and provided access through laptops provided by the Government to all three defense attorneys, Palomino, Weinberg, Trusiani and the Computer Forensic Specialist hired by the defense.

While Gonzales was viewing the discovery materials via laptop with attorney Paul Trusiani. Mr. Truisani told Gonzalez that Mr. Palomino had not taken-checked out his laptop provided by the U.S. Attorney'a Office and that Mr. Palomino had returned to Flordia without viewing or investigating the discovery materials in Gonzalez's case. Mr. Tuusiani told Gonzalez that Mr. Palomino was advising Gonzalez to plea guilty without even viewing the discovery materials. It would be very easy to verify if Mr. Palamino signed out his laptop from the U.S. Attorney's

Office. I am sure the U.S. Attorney's Office does not issue laptop to attorney's without requiring the attorney to sign for the laptop. At an evidentiary hearing Gonzalez would subpeona attorney Paul Trusiani to question Mr. Trusiani concerning his telling Gonzalez that Mr. Palomino never picked up his laptop that would have given him access to the discovery materials in Gonzalez's case. Gonzalez would also subpeona records from the U.S. Attorney's Office to show that Mr. Palomino never signed for or picked up his laptop that would have given him access to the discovery materials. The question the foregoing presents is if Mr. Palamino did not advise or discuss with Gonzalez the possibility of a public authority defense and did not view or research the discovery materials then how could he make a reasonable or reliable decision that a public authority defense was inapplicable as he states in his Affidavit. Gonzalez did tell Mr. Palomino that the named Secret Service Agents and other Agents had given him authority to commit the criminal acts that were charged in the indictment in order to convince and obtain the confidence of International Cyber Criminals. [See Gonzalez's Affidavit, 2255 motion, Exhibit C, ¶3 ]. Mr Palomino provided ineffective assistance based on the foregoing facts and Gonzalez requests that he be allowed to withdraw his guilty plea because he is actually innocent of the charges against him.

If Gonzalez delineated all the criminal acts the Secret Service Agents authorized and directed him to commit this Reply would turn into a best selling Novel.

The Government argues that:

### Trial Counsel Was Not Ineffective For Failing to File a Motion to Suppress Evidence Allegedly Obtained by Torture
(Govt. Resp. page 13)

Mr. Palomino was lead attorney of Gonzalez's case and ulmately made the decisions concerning what motions to file in the case. Mr. Palamino was ineffective for failing to file a timely motion to suppress the Foreign Computer Evidence obtained by the Turkish National Police at the behest of U.S. Secret Service Agents. Mr. Palomino failed to meet the deadline for filing pre-trial motions and as a result no suppression motion could be filed on Gonzalez's behalf. On July 7, 2009, the Court the precluded Gonzalez from filing pre-trial motions after Mr. Palomino failed to meet the Court's July 2, 2009, filing dealine. [See Govt. Resp. Exhibit 10, Letter Brief, page 2, Note 1 ].

After Mr. Palomino realized he had missed the filing date of July 2, 2009, to file a motion to suppress he started telling Gonzalez to plead guilty. One of Gonzalez's attorneys Paul Truisani had conducted extensive research concerning the suppression of the Foreign Computer Evidence and had provided Mr. Palomino with the research necessary to file a motion to suppress, yet Mr. Palomino failed to file a suppression motion. If Mr. Palomino would have filed a suppression motion seeking the suppression of the Foreign Computer Evidence there is a reasonable probability that the evidence would have been suppressed and the Government would have no case against Gonzalez.

## **NEWLY DISCOVERED EVIDENCE**

Since Gonzalez filed his §2255 motion he has been provided with newly discovered evidence supplied by **Maksym Yastremskly**, a co-defendant who was tortured by the Turkish National Police in order to make him reveal the encrypted pass phrase that allowed them to open the encrypted containers in Yastremskly's computer and supplied the U.S. Secrte Service Agents - who were present when Yastremskly's computer was seized - with the encrypted pass phrase which opened Yastremskly's computer where the Agents obtained information that identified Gonzalez and linked Gonzalez to Yastremskly's cyber crimes.

Makaym Yastremskly is be held in a Turkish Prison in Istanbul Turkey. Yastremskly has sent a "signed statement" to Gonzalez explaining his arrest and torture by Turkish National Police and American special services (U.S. Secret Service). Yastremskly's statement details how he was tortured by Turkish police until he was forced to reveal the encrypted pass prhase. Yastremskly has informed Gonzalez that he cannot provide a "Notarized" statement because the Turkish prison does not provide Notary Service. Yastremskly has no reason to lie about his arrest and torture by Turkish police. Yastremskly's signed statement qualifies as evidence under a preponderance of evidence standard. See Cody v. United States, 249 47, 52 (1st Cir. 2001). **[See Exhibit A, Statement of Maksym Yastremskly]**. Yastremskly's statement supports Gonzalez's claim that Mr. Palomino was ineffective for not filing a motion to suppress the information obtained through the torture of his co-defendant Maksym Yastremskly

that lead to the inentification of Gonzalez and his link to Yastremskly's cyber crimes. If Turkish Police had not of tortured Yastremskly and provided the results of that torture to U.S. Secret Service Agents, Gonzalez's identity and connection to Yastremskly's cyber crimes would never have been discovered and Gonzalez would not have been illegally prosecuted and sentenced to 20 years in federal prison.

The Government states, "On August 6, 2009, Rene Palomino filed an extensive and detailed **letter brief** in the Dave and Buster's case......There, he argued forcefully that incriminatory evidence found on Yastremskly hard drive refered to Gonzalez's 2255 petition should not be admitted in evidence at trial. [Govt. Resp., page 14 ]. The very fact that Mr. Palomino filed a letter brief contesting the admission of the evidence obtained through torture of Yastremskly on August 6, 2009, a month after the cut-off deadline for filing a motion to suppress shows that Mr. Palomino should have filed a timely motion to suppress the Yastremskly evidence before the July 2, 2009, deadline for filing pre-trial motions. Mr. Palomino certainly thought the evidence obtained via the torture of Yastremskly should be suppressed. Mr. Palomino even asked Gonzalez's family -Mother and Father - for money to pay for his expenses to travel to Turky to interview Yastremskly and other persons involved there. [See Affidavit of Maria G. Gonzalez, Exhibit A, §2255 motion ¶13 an 14 ]. Mr. Palomino's letter brief was a Response to the Government's motion in limine and does not qualify as a motion to suppress filed by the defense.

The motions, files and records of the case show that there existes provable evidence that the U.S. Secret Service Agents discovered the identity of Albert Gonzalez and his link to International cyber crime through the torutre of his co-defendant Maksym Yastremskly and that Gonzalez has a standing to challenge the Government's use of the information under the Fifth Amendment Due Process clause. [See authority cited in Gonzalez's §2255 motion Memorandum of Law, page 14 ]. Based on the foregoing it was unreasonable for Mr. Palomino not to have filed a timely motion to suppress the Yastremakly evidence that led to his conviction and 20 year sentence. Gonzalez requests the Court allow him to withdraw his guilty plea and allow him to conduct a suppression hearing in this case.

The Government argues that:

<u>Gonzalez Did Not Ask His Counsel to File Notices of Appeal</u>

The record argubably rebutts the Government's argument that Gonzalez did not ask his counsel to file notices of appeal. On November 4, 2010, Gonzalez wrote a letter to both of his attorney's, Mr Palomino and Mr. Weinberg. [Exhibit E, 2255 motion]. In those letters Gonzalez ask's both attorney's "why you didn't consult with me and file a notice of appeal". Mr. Palomino never responded to Gonzalez's letter and questions concerning not filing notice of appeal. Mr. Weinberg did respond and did answer Gonzalez's question [Exhibit E, 2255 motion]. A reading of Mr. Weinberg's letter shows that he does not tell Gonzalez

you never told us to file a notice of appeal or take an appeal. Mr. Weinberg's letter explains why "We" did not file a Notice of Appeal. Mr. Palomino did not respond to Gonzalez's inquiry as to why he didn't file a notice of appeal because he knew that Gonzales specifically told him right after sentencing that he wanted to appeal the whole case. In Garvey v. United States, 2010 U.S. Dist. Lexis 136379, Dec 23, 2010, the Court stated "Although the government offers affifavits of defense counsel denying that Garvey ever requested that counsel file a notice of appeal, 'material issues of fact may not be resolved against the petitioner solely by relying on ex parte, sworn or unsworn, statements of the government or defense counsel'. See United States v. Butt, 731 F.2d 75, 77-78 (1st Cir. 1984). An evidentiary hearing is necessary to resolve this disputed issue of material fact. See §2255 Rule 8(a); cf.Escudero-Aponte v. United States, 65 Fed. App'x 333, 336-37 (1st Cir. 2003)(indicating where counsel denied having been instructed by the petitioner to appeal, that an evidentiary hearing was not required if the petition did not specifically allege the existance of such an instruction). Here Gonzalez's §2255 petition specfiically allege's that he requested his counsel to file a notice of appeal. [See Ground Four, §2255 motion, page 6 ]. Gonzalez's signed sworn Affidavit stating that he told his attorney's to file a notice of appeal further supports Gonzalez's Ground Four Claim. The decision as to whether or not to file notice of appeal was Gonzalez's to make and not his attorney's. Gonzalez is entitled to an Appeal.

The Government argues that:

<u>Gonzalez Waived His Right to File a Collateral Attack</u>

Gonzalez waiver of his collateral attack rights is not valid, because the waiver was not knowingly and voluntarily entered and is not enforcable as it would result in a miscarriage of justice. <u>United States v. Ciampi</u>, 419 F. 3d 20, 25-27 (1st Cir. 2005). If Gonzalez's counsel would have advised him of a viable defense of public authority Gonzalez would have never waiver any of his rights and would have proceeded to trial.

## CONCLUSION

Gonzalez respectfully moves the Court to proceed to the next §2255 procedural step and order that an evidentiary hearing be conducted in this matter; and that counsel be appointed to represent Gonzales at such a hearing. And what further relief the Court deems necessary.

Respectfully submitted

*[signature]*
Albert Gonzalez
Movant, pro se

---

The statement/affidavit of Maksym Yastremskiy at Exhibit A, is provided in both Yastremskiy's native language and in English.

## Certificate Of Service

I, Albert Gonzalez, swear under penalty of perjury that I have mailed a copy of DEFENDANT'S REPLY TO GOVERNMENT'S CONSOLIDATED RESPONSE TO DEFENDANT'S MOTION TO VACATE OR SET ASIDE SENTENCE, to Stephen P. Heymann, Assistant United States Attorney, United States Courthouse, 1 Courthouse Way, Suite 9200, Boston, Massachusetts. 02210, this __26th__ day of December, 2011. (28 U.S.C. §1746).

_____
Albert Gonzalez

## Certificate Of Mailing

I, Albert Gonzalez, swear under penalty of perjury that I have mailed the original and two copies of DEFENDANT'S REPLY TO GOVERNMENT'S CONSOLIDATED RESPONSE TO DEFENDANT'S MOTION TO VACATE OR SET ASIDE SENTENCE, to the Office Of The Clerk, United States District Court, District of Massachusetts, United States Courthouse, 1 Courthouse Way, Suite 2300, Boston, Massachusetts. 02210, by placing said pleading in a legal envelope with sufficient first-class postage and deposited same in prisoner's mail box on the __26th__ day of December, 2011. (28 U.S.C. §1746).

_____
Albert Gonzalez
#25702-050
Federal Correctional Institution
P.O.Box 1000
Milan, Michigan. 48160

17.